NOTICE: This opinion is subject to modification resulting from motions for reconsideration under Supreme Court Rule 27, the Court's reconsideration, and editorial revisions by the Reporter of Decisions. The version of the opinion published in the Advance Sheets for the Georgia Reports, designated as the "Final Copy," will replace any prior version on the Court's website and docket. A bound volume of the Georgia Reports will contain the final and official text of the opinion.



# SUPREME COURT OF GEORGIA
Case No. S24C0302

May 29, 2024

The Honorable Supreme Court met pursuant to adjournment.

The following order was passed:

JOHN DA GROSA SMITH et al. v. RYAN MILLSAP et al.

The Supreme Court today denied the petition for certiorari in this case.

*All the Justices concur.*

Court of Appeals Case No. A23A0651

**SUPREME COURT OF THE STATE OF GEORGIA**
Clerk's Office, Atlanta

I certify that the above is a true extract from the minutes of the Supreme Court of Georgia.
Witness my signature and the seal of said court hereto affixed the day and year last above written.

_____, Clerk

PETERSON, Presiding Justice, concurring.

John Smith's cert petition raises an issue of possible gravity: whether the broad power of trial courts to order disputed funds to be paid into the registry of the court pending resolution of the dispute includes an equally broad power to *disburse* funds from the registry before the dispute has been resolved. But this is an issue of gravity warranting our review in this case only if Smith is correct that the Court of Appeals actually held that trial courts have such broad power. He is not.

Although some text in the Court of Appeals's decision might be read as Smith does, such a reading requires taking that text out of the narrow context of the long and complex procedural posture of this case. That makes all the difference. "[A] decision's holding is limited to the factual context of the case being decided and the issues that context necessarily raises. Language that sounds like a holding — but actually exceeds the scope of the case's factual context — is

not a holding no matter how much it sounds like one." *Schoicket v. State*, 312 Ga. 825, 832 (1) (865 SE2d 170) (2021) (quoting *Ga. Interlocal Risk Mgmt. Agency v. City of Sandy Springs*, 337 Ga. App. 340, 340 n.1 (788 SE2d 74) (2016) (citation and punctuation omitted)); see also *Am. Anesthesiology of Ga., LLC v. Northside Hosp., Inc.*, 362 Ga. App. 350, 357 (1) (867 SE2d 531) (2021) (citing the quoted language as support for its conclusion that a previous decision "must be read as limited by its facts").

So understood, the holding of the Court of Appeals was simply that the trial court had authority to disburse the funds at issue given the specific circumstances of this case. This narrow holding was plainly correct. Accordingly, I concur in the denial of Smith's petition for a writ of certiorari.

I am authorized to state that Justice McMillian joins in this concurral.